IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES MARSHALS SERVICE,<br><br>Defendant. | CV 24-21-BLG-SPW-TJC<br><br>ORDER |

Plaintiff Alexandre Davis has filed a Complaint under 42 U.S.C. § 1983 against the U.S. Marshals. (Doc. 2.) The Complaint will be dismissed for lack of subject matter jurisdiction and failure to state a claim.

## I. STATEMENT OF THE CASE

### A. Parties and Allegations

At the time of filing, Davis was a federal pretrial detainee. He is proceeding in forma pauperis and without counsel. Davis alleges that he was in state custody in Nebraska in January of 2023, when he was taken into the custody of the U.S. Marshals for transportation to Montana, to face federal charges here. (Doc. 2 at 3.) The Marshals allegedly threw away his property, including an expensive phone and a wallet. Davis has attempted, without success, several methods to get the Marshals to reimburse him for the lost property. (Doc. 2 at 3 – 4.)

1

Davis asserts that the Marshals have committed intentional and negligent torts by destroying or disposing of his property. (Doc. 2 at 5.) He specifically states he is not claiming a constitutional injury. (Doc. 2 at 5.) He seeks compensatory, declaratory, and injunctive relief. (Doc. 2 at 6.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Davis is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis by a prisoner if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

## III. ANALYSIS

For the following reasons, the Court concludes Davis's Complaint must be dismissed for lack of subject matter jurisdiction. Davis has named only federal

defendants. Thus, he cannot state a claim under 42 U.S.C. § 1983, which applies only to those "acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The U.S. Marshals were acting under color of federal law when they transported him for prosecution in federal court. (Doc. 2 at 3.) Nor is the legal source of his claim the Constitution or the federal laws of the United States, but rather, state law torts, which are not actionable as § 1983 claims. However, the Court will construe Davis's Complaint liberally and determine whether he could state any other federal claim. He cannot.

The U.S. Marshals Service, as an agency of the United States government, cannot be sued due to sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). For Davis's claims regarding his loss of property, the proper defendant is the United States, through the limited waiver of sovereign immunity available in the Federal Tort Claims Act ("FTCA"). "The FTCA ... waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)).

The FTCA provides:

3

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government ..., unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Thus, "[b]efore a plaintiff can file an FTCA action in federal court [ ], he must exhaust the administrative remedies for his claim." *D.L.*, 858 F.3d at 1244. The FTCA requires "complete exhaustion of administrative remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). The FTCA's exhaustion requirement is jurisdictional and may not be waived. *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). Without this exhaustion, the Court has no jurisdiction. Before filing suit, Davis needed to exhaust his remedies before the USMS.

Davis has not alleged an FTCA claim in his Complaint and has not established that he has exhausted those requirements. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint." (Internal citation omitted)). The United States is the only proper defendant in an action under the FTCA, and an action cannot be maintained against a federal agency, such as the Marshals. *Allen v. Veteran's Administration*, 749 F.2d 1386, 1388 (9th Cir. 1984). The USMS is

4

immune as a sovereign agency, and Davis needed to exhaust his remedy with the United States first. The Court cannot hear his claim.

## III. CONCLUSION

The Court must construe a pro se litigant's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F. 3d 1204, 1208 (9th Cir. 2017). The Court has screened Davis's Complaint and determined that the Court is without jurisdiction to hear it; Davis could not amend it to create jurisdiction. The Complaint will be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Davis's Complaint is DISMISSED. The Clerk of Court is directed to enter judgment in this matter according to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 3rd day of May, 2024.

Susan P. Watters
United States District Court Judge